[No. 3775.]

Perry Bell v. The State.

Forgery—Charge of the Court — Case Stated. — Comprising two counts, the indictment in this case charges the forgery of an order for the payment of money, and the uttering of the said order, knowing it to be forged. The forgery, as alleged, consisted in the alteration of an order for three dollars and ninety cents into an order for thirteen dollars and ninety cents. The evidence in the case leaves it in doubt whether the appellant committed the alteration, or whether the drawer of the order, by mistake, wrote the order for thirteen dollars and ninety cents. *Held*, that, in failing to instruct the jury, in substance, that if they believed from the evidence that the appellant did not himself alter the order, then he could not be convicted under either count of the indictment, the trial court failed to charge sufficiently the law applicable to the facts of the case, and, hence, the charge was insufficient and erroneous.

Appeal from the District Court of Caldwell. Tried below before the Hon. H. Teichmuller.

The indictment in this case comprised two counts, the first charging the appellant with the forgery of an order for the payment of thirteen dollars and ninety cents, and the second for the uttering of the said order, knowing it to be forged. The verdict of the jury found the appellant guilty as charged in the indictment, and assessed his punishment at confinement in the penitentiary for the term of two years.

J. W. Buford was the first witness for the State. He testified that he lived near Luling, in Caldwell county, Texas. He knew the defendant and Marsh Elam. Defendant and Elam picked cotton for the witness a day and a half during the year 1885. Witness, in settling with the defendant for his and Elam's work, gave the defendant an order in writing on Mr. Lipscomb for three dollars and ninety cents. That order, before it was paid, was altered to call for thirteen dollars and ninety cents, instead of three dollars and ninety cents. The alteration was accomplished by writing the figure "1" between the figure "3" and the dollar mark, "$." The order exhibited to the witness was recognized by him as the order he originally drew for three dollars and ninety cents. The witness did not think he could have made a mistake in drawing

the order. On the day that the order was drawn, Marsh Elam told the witness that the defendant had collected too much money on the order. Witness went immediately to Mr. Lipscomb and asked him how much money he had paid the defendant on the order. He replied that he had paid the defendant thirteen dollars and fifty cents, and still owed him forty cents. Witness drew the order and delivered it to the defendant in Caldwell county, Texas.

Cross-examined, the witness stated that, while he could not be positive, he did not think that, in drawing the order, he made a mistake. Being requested to write the amount of thirteen hundred and ninety dollars in figures, the witness wrote as follows: "$13000 90." For three hundred and ninety dollars in figures, the witness wrote "$30090." Being requested to write ninety one-hundredths in decimals, the witness wrote, "91000." He was then requested to write an order on Lipscomb for thirteen dollars and ninety cents, and one for three dollars and ninety cents, both of which he wrote correctly. Witness was not much accustomed to writing, but had written a great many orders for money, was very careful and generally correct. On his re-examination, the witness stated that he did not draw the order for thirteen dollars and ninety cents. He was positive that he drew it for three dollars and ninety cents.

W. W. Lipscomb testified, for the State, that he knew both J. W. Buford and the defendant. Buford had lived on his farm in the country for several years. He had often drawn orders on witness for money, to pay off his hands, which orders the witness paid. Witness remembered paying the defendant the money on the order which gave rise to this prosecution. Defendant presented an order which purported to have been drawn by J. W. Buford, in his, defendant's favor, in September, 1885, for thirteen dollars and ninety cents, which witness paid, less forty cents, which witness told defendant to return and get, as he could not then make the exact change. Defendant did not return for the forty cents. Just after supper, on the evening of the day on which witness paid the order, the defendant came to witness's house, and requested witness to step outside to see him a few minutes. Witness being engaged at the time, sent the defendant word that he would be out presently. Witness, however, forgot to go out, and did not see the defendant until early on the next morning, when the defendant repaid him the amount paid him in excess of the amount actually due him by Buford. He

made no explanation of the transaction—simply repaid the money. Witness had paid off as many as five hundred orders drawn by Buford, and generally found them correct. Buford, as a rule, made no more mistakes than the average farmer. The order, purporting to be for thirteen dollars and ninety cents, and drawn on witness by J. W. Buford, was shown to witness, and identified by him as the one on which he paid the defendant thirteen dollars and fifty cents. Buford came to witness on the evening of the day on which the order was paid, which was the same day on which it was drawn, and told him that he had paid the defendant too much. Witness's attention being called to the fact, he remembered that Buford, in drawing an order on him, in favor of Frank Bell, made a mistake in stating the amount he intended to draw for. An order for fourteen dollars, drawn by Buford on witness, being shown witness, the witness declared that he perceived a difference in the formation of the figure "1" in "14," and the figure "1" in the thirteen dollars and ninety cents order, in evidence. It appeared to witness that it was Buford's habit to leave considerable space between the dollar mark and the figures representing the amount.

Cross-examined, the witness testified that the thirteen dollars and ninety cents order in question did not. to him, on its face, appear to have been altered. The spaces between the characters appearing uniform, he paid the order at once, without questioning its genuineness. The witness was a banker, and was in the business of paying off orders, checks, drafts, etc. Witness discovered nothing about the order, when it was presented to him for payment, indicating that it had been changed since it was first drawn, but, inspecting the instrument closely, now, he was able to distinguish a difference between the formation of the figure "1" in it and the same figure in other orders drawn by Buford.

Re-examined, the witness stated that Buford was generally correct in his figures in drawing orders for small amounts, and gave it as his opinion that a person might be correct in stating small numbers in figures, and yet unable to state large numbers.

Marsh Elam testified, for the State, that he and the defendant picked cotton for Mr. Buford in the fall of 1885. At the conclusion of their labor, Mr. Buford paid them by giving the defendant an order on Mr. Lipscomb for the amount due them. Buford owed them jointly three dollars and ninety cents. Defendant collected the amount of the order from Lipscomb, and told wit-

ness that he had received ten dollars more than Buford owed them, and proposed to divide with the witness. Witness declined the proffered division upon the ground that he was not entitled to the money. Witness then went to Mr. Buford and told him that he had made a mistake in drawing the order, or that a mistake had been made in some way, and that defendant had collected too much money. When the defendant paid the witness his half of the three dollars and ninety cents due them, the witness discovered defendant's possession of a ten dollar bill. It was then, and not until then, that defendant told witness he had received ten dollars in excess of the amount due, and proposed to divide the excess if witness would say nothing about it. On the night of the same day witness told the defendant that he had informed Buford of the fact that he had overdrawn the amount due, and advised him to repay the money to Lipscomb in order to avoid trouble.

Cross-examined, the witness testified that the conversation between himself and defendant occurred a very short time after the money was drawn by defendant. Defendant, in the same conversation, said that Mr. Buford had made a mistake, and that he had collected too much money. Defendant could neither read nor write, nor could he indicate numbers in figures. Witness could neither read nor write, but could count money.

The State next introduced the written order, which read as follows:

"Sept. 2. Mr. Lipscomb. Please to pay perry bell $13.90. J. W. Buford."

The State next introduced in evidence an order for fourteen dollars and twenty cents, drawn by Buford in favor of With Harris, which reads as follows:

"Auguste the 28. Mr. Lipscomb. Please to pay to With Harris $14.20. J. W. Buford."

The State closed.

Frank Bell testified, for the defense, that he had worked for J. W. Buford, and had often known him to make mistakes in drawing orders for money. Buford once drew an order in favor of witness for nine hundred dollars, intending to draw it for nine dollars. That order was drawn on Mr. Lipscomb, and when witness presented it for payment, Mr. Lipscomb said that Buford had certainly made a mistake; that he could not possibly owe witness nine hundred dollars. Witness told Mr. Lipscomb to wait, and he would see Mr. Buford and the matter would be

straightened. Witness saw Buford, and the matter was straightened and settled. Witness could neither read nor write. Mr. Lipscomb told witness that the order spoken of called for nine hundred dollars. Defendant was the witness's son.

The motion for a new trial raised the question discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. There were two counts in the indictment in this case—one for forgery, and one for uttering or passing a forged instrument knowing it to be forged. It was alleged that the instrument forged was an order drawn by one Buford on one Lipscomb for three dollars and ninety cents, the forgery consisting in the fact that said order had been altered by defendant, after delivery to him, so as to make it call for thirteen dollars and ninety cents, instead of three dollars and ninety cents, and that defendant passed it to said Lipscomb and obtained thereon thirteen dollars and ninety cents.

The evidence shows that defendant knew he was only entitled to three dollars and ninety cents, and that he did receive the thirteen dollars and ninety cents of Lipscomb on the order. But we are of opinion that the evidence leaves it extremely doubtful whether the instrument was at all altered by defendant, and whether or not Buford himself did not make the mistake in the figures when he wrote the order and delivered it to defendant. If Buford made the mistake in writing the order, then it was not a forgery, nor would defendant, in passing it, be guilty of passing a forged instrument, even had he known of the mistake, however reprehensible his conduct in receiving ten dollars more upon it than he was entitled to, without saying anything about it. If the order was not a forgery, whatever defendant's crime may have been, he was not guilty under either count in the indictment upon which he was being tried. This was the important question in the case—the point, in fact, upon which defendant's guilt really hung—and the law with regard to it should have been clearly and pertinently presented to the jury. Without such necessary and appropriate instructions, they may have predicated their verdict solely upon the fact that he received thirteen dollars and ninety cents instead of the three dol-

lars and ninety cents which he was alone entitled to. It may be that they would, and, in the state of the evidence we think it highly probable, have found defendant not guilty as charged, if the law as applicable to the facts' had been sufficiently expounded.

Because the charge of the court did not sufficiently present the law applicable to the facts, the judgment is reversed and the cause remanded.

*Reversed and remanded.*